IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**PERFORMANCE FOOD GROUP, INC.**                                  **PLAINTIFF**

V.                                                                                              NO. 3:22-CV-117-DMB-JMV

**ROMAN RAMIREZ; MARK WELCH;
and 1883 SMOKEHOUSE, LLC**                                          **DEFENDANTS**

**ORDER**

After Roman Ramirez removed this action to federal court, Performance Food Group, Inc. filed a motion seeking remand to state court as well as attorney's fees and costs. For the reasons explained below, the motion will be granted in part and denied in part.

**I
Procedural History**

On April 26, 2022, Performance Food Group, Inc. filed a complaint in the Circuit Court of Panola County, Mississippi, against Roman Ramirez, Mark Welch, and 1883 Smokehouse, LLC. Doc. #2. The complaint alleges that Performance "extended credit, and provided certain goods and services to the Defendants;" the defendants "used the goods, services, and line of credit" but "subsequently defaulted on the[ir] obligation" to Performance; and as a result, Performance is owed "the principal amount of $75,514.92, plus reasonable attorney's fees in the amount of $18,878.73, for a total amount of $94,393.65." *Id.* at 1.

Ramirez removed the case to the United States District Court for the Northern District of Mississippi on June 22, 2022, alleging diversity jurisdiction. Doc. #1. Specifically, Ramirez alleges that "the amount in controversy exceeds $75,000.00;" he "is a citizen of the State of Mississippi;" Performance "is a Colorado business corporation having its principal place of

business in the state of Virginia;" and "[t]herefore, there is complete diversity existing between Plaintiff and th[e] sole properly joined Defendant."[1] *Id.* at 1.

On July 6, 2022, Performance filed "Plaintiff's Motion to Remand Case to the Circuit Court of Panola County, Mississippi, Second Judicial District for Lack of Federal Removal Jurisdiction and for Reasonable Attorneys' Fees and Other Costs Incurred as a Result of Wrongful Removal." Doc. #12. Ramirez responded to the motion, Doc. #20; Performance did not reply.

## II
## Remand

Performance argues remand is warranted because "[w]hile complete diversity between the adverse parties and the amount in controversy … in excess of the statutory minimum of $75,000, exists on the face of [its] Complaint, … Ramirez' removal fails because of his capacity as a Mississippi forum defendant pursuant to 28 USC 1442(b)(2)." Doc. #13 at 2 (emphasis omitted). Ramirez responds that "this cause is due to be remanded." Doc. #21 at 1.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, an action "removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "The party seeking to remove bears the burden of showing that federal jurisdiction exists *and that removal was proper*." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (emphasis added).

---

[1] "[T]here is no indication that … 1883, LLC, a Mississippi limited liability company owned in full by Mississippi citizen Welch or … Welch, individually, ha[ve] been served with process." Doc. #13 at 2 n.1 (citation omitted).

2

Because Ramirez does not present any argument why removal was proper given the forum defendant rule (and concedes remand is proper), the motion will be granted to the extent it seeks remand to state court.

### III
### Attorney's Fees & Costs

Performance requests "reasonable attorney's fees and costs incurred in rectifying the improper removal," asserting Ramirez lacked "any objectively reasonable grounds for his filing of a Notice of Removal in light of the forum defendant rule." Doc. #13 at 4, 5. Ramirez argues that because the forum defendant rule "is procedural only and not substantive as to jurisdiction, there exists the potential for a plaintiff to waive it, intentionally or otherwise" such that he "did not lack any objectively reasonable ground for removal." Doc. #21 at 1–3.

Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Contrary to Ramirez's argument,

> [t]he procedural nature of the forum-defendant rule does not change the § 1447(c) analysis. To hold otherwise would allow a defendant to simply ignore this well-established rule in hopes that a plaintiff will ultimately waive the argument and then skirt the imposition of costs and fees when the plaintiff invokes the rule.

*Am. Fin. Network, Inc. v. Wyndham Cap. Mortg., Inc.*, No. 4:21-cv-885, 2022 WL 467390, at *2 (E.D. Tex. Feb. 15, 2022). Said another way, if the Court found that the mere possibility Performance would waive the forum defendant rule made Ramirez's improper removal objectively reasonable, any forum defendant in a case where diversity jurisdiction exists could remove based

on the same possibility. The Court declines to set such a sweeping precedent. Given the clear language of 28 U.S.C. § 1441(b)(2), the Court concludes the removal here lacked an objectively reasonable basis such that an award of attorney's fees and costs is proper.

However, because Performance has not submitted evidence of its fees or costs, its request for fees and costs will be denied without prejudice to being renewed with supporting evidence as to the amount. *See Coward v. AC & S., Inc.*, 91 F. App'x 919, 922 (5th Cir. 2004) ("[A] district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified.").

## IV
## Conclusion

Performance's motion [12] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks remand and DENIED without prejudice to the extent it seeks fees and costs. This case is **REMANDED** to the Circuit Court of Panola County. Within fourteen (14) days of this order, Performance may file a motion for fees and costs incurred as a result of the improper removal.

**SO ORDERED**, this 15th day of August, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**