IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**PERFORMANCE FOOD GROUP, INC.**                                       **PLAINTIFF**

**V.**                                                              **NO. 3:22-CV-117-DMB-JMV**

**ROMAN RAMIREZ; MARK WELCH;**
**and 1883 SMOKEHOUSE, LLC**                                     **DEFENDANTS**

### ORDER

After Roman Ramirez removed this action to federal court asserting diversity jurisdiction, Performance Food Group, Inc., moved to remand, arguing removal was improper under the forum defendant rule. *See* Docs. #1, #12, #13. Performance also sought "reasonable attorney's fees and costs incurred in rectifying the improper removal" on the argument that Ramirez lacked "any objectively reasonable grounds for his filing of a Notice of Removal in light of the forum defendant rule." Doc. #13 at 4, 5.

On August 15, 2022, the Court granted Performance's motion to the extent it sought remand. Doc. #24. And "[g]iven the clear language of 28 U.S.C. § 1441(b)(2), the Court conclude[d] the removal … lacked an objectively reasonable basis such that an award of attorney's fees and costs [was] proper" under 28 U.S.C. § 1447(c). *Id.* at 4. But "because Performance ha[d] not submitted evidence of its fees or costs," the Court denied the motion regarding such and allowed Performance fourteen days to file a renewed motion "with supporting evidence as to the amount." *Id.*

Within the time allowed, Performance filed a "Verified Motion for Fees and Costs Attributable to Rectifying Improper Removal by Defendant Ramirez," seeking "an award of fees

in the amount of $1500."[1]  Doc. #25.  Performance represents that (1) because "this matter was accepted by [its] counsel on a contingent fee basis, there [are] no contemporaneous time records kept" concerning its counsel's work in reviewing documents, researching, and drafting the filings to correct the removal; (2) its counsel's "normal hourly fee rate is $250-$350;" and (3) district courts in the Fifth Circuit have awarded fees ranging from $1400 to $2170 for wrongful removal.  *Id.* at 1–2.  Ramirez did not respond to the motion and the time to do so has passed.

Since the Court already found an award of fees is proper, the only issue is the amount of the award.  Based on the cases cited by Performance showing that courts have awarded amounts to address improper removals similar to the amount sought here,[2] and considering that Performance's motion for fees is unopposed,[3] the Court finds the amount of fees sought by Performance to be reasonable under the circumstances.  Accordingly, the motion for fees [25] is **GRANTED**.  Performance is awarded fees in the amount of $1,500.

**SO ORDERED**, this 7th day of October, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] In violation of the Local Rules, the motion contains legal citation and is unaccompanied by a memorandum brief.  *See* L.U. Civ. R. 7(b)(2)(B) ("[A] motion may not … contain legal argument or citations to case law or other secondary authority."); L.U. Civ. R. 7(b)(4) ("At the time the motion is served, … counsel for movant must file a memorandum brief in support of the motion.").  Given the limited issue raised in the motion, these violations are excused in this instance.

[2] *See Am. Fin. Network, Inc. v. Wyndham Cap. Mortg., Inc.*, No. 4:21-cv-885, 2022 WL 467390, at *2 (E.D. Tex. Feb. 15, 2022) (finding defendant lacked an objectively reasonable basis for removal based on the forum defendant rule and awarding $1,500 because "[p]laintiff … expended unnecessary time and effort on a matter that should have never been before the Court"); *Alarcon v. Aberration, Inc.*, No. 5:21-cv-128, 2021 WL 5987026, at *4–5 (S.D. Tex. Dec. 16, 2021) (awarding "$2,170.00 in attorney's fees for counsel's 6.2 hours of work, billed at an hourly rate of $350" because removal "needlessly increased Plaintiffs' legal fees and consumed precious judicial resources"); *Mendez v. FIT Transp. Logistics, Inc.*, No. 20-cv-270, 2020 WL 7264814, at *2 (W.D. Tex. Dec. 10, 2020) (awarding plaintiff's unopposed request for $1,400 in attorney's fees because defendant's failure to respond meant "the Court ha[d] no basis to deny Plaintiff's request for fees or reduce the requested fee amount").

[3] *See* L.U. Civ. R. 7(b)(3)(E) ("If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed.").